UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BRANDON D. CLIFTON,

                Plaintiff[1],

     - against -

GOOGLE, LLC; MICROSOFT CORPORATION; and S2BN ENTERTAINMENT,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-5142 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Brandon D. Clifton filed this action pursuant to 42 U.S.C. § 1983, apparently on behalf of himself and his limited liability company, Reflex Accounting Services, LLC ("Reflex").[2] Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted, (*see* Mot. to Proceed IFP, Dkt. 5), and his request for pro bono counsel is denied, (*see* Mot. to Appoint Counsel, Dkt. 6). For the reasons discussed below, the Complaint is dismissed.

## BACKGROUND

Plaintiff asserts that:

> The [Defendants] were able to receive access to my body, mind, residential address, background information and medical records by remotely access[ing] private networks and hacking into their private database using computer generated

---

[1] The caption reflects the parties currently listed on the docket, though the Court notes that Plaintiff lists as additional defendant the New York Police Department. (*See* Compl., Dkt. 1, at 3.)

[2] Plaintiff lists Reflex on the first page of his Complaint, (*see* Compl., Dkt. 1, at 1), but does not include details for Reflex in the section "Parties to This Complaint," (*id.* at 2). To the extent that Plaintiff seeks to bring this action on behalf of himself and Reflex, the Court informs him that a limited liability company must be represented by licensed counsel. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (requiring sole member LLC to appear through licensed counsel).

> imagery, recognition software, micro-sensor technology, all of which is still on my body and has been used for abusive treatment and delay tactics for four years.

(Compl., Dkt. 1, at 4.) He further claims that the connection originating from his body was used to generate simulated responses of the judge overseeing his eviction. (*Id.* at 5.) He complains about a broadcast message that never turned off and an electrical stimulus in his nervous system that encouraged drug use and sexual activity. (*Id.* at ECF[3] 11.) He claims that a sensor was placed on the roof of his mouth to make him appear mentally unfit. (*Id.* at ECF 12.) He further claims that the sensor delayed his motor functions. (*Id.*) It is unclear what relief Plaintiff seeks.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim to relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement

---

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

of claim against each defendant named so that the defendant has adequate notice of the claims against them. *See Iqbal,* 556 U.S. at 678 (citation omitted) (noting that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (internal quotations and citation omitted).

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an action filed IFP by a non-prisoner if the court determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."

**DISCUSSION**

"An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 F. App'x. 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (alteration in original)); *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). The factual allegations in Plaintiff's Complaint lack any basis and do not withstand legal scrutiny. Even giving the most liberal construction to Plaintiff's Complaint, the Court cannot find that a cause of action has been alleged. Accordingly, the Court dismisses Plaintiff's Complaint. *See Lewis v. U.S., Dep't of Health Servs.*, No. 24-CV-2503 (PKC) (TAM), 2024 WL 1577930, at *2 (E.D.N.Y. Apr. 11, 2024) (dismissing

*pro se* complaint as frivolous where allegations were nonsensical and failed to present a cognizable claim) (citing *Denton*, 504 U.S. at 33).

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). But a court has inherent power to dismiss without leave to amend or replead "where . . . the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011). Because the Court concludes that granting leave to amend would be futile, the Court declines to do so.

The Clerk of Court is respectfully directed to enter judgment, serve a copy of this Order, the judgment, and an appeals packet on Plaintiff, and close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any IFP appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 14, 2025
      Brooklyn, New York